IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**AUSTIN PRICE, LLC**                                                                  **PLAINTIFF**

v.                                                     CIVIL ACTION NO. 2:22-cv-79-HSO-RHWR _____

**TRI-STATE INSURANCE COMPANY
OF MINNESOTA, and JOHN DOES 1-5**                                 **DEFENDANTS**

---

**COMPLAINT**
**(Jury Trial Demanded)**

---

**COMES NOW**, the Plaintiff, Austin Price, LLC, by and through the undersigned counsel, and files this Complaint against Tri-State Insurance Company of Minnesota, and John Does 1-5, and respectfully alleges the following:

## Parties

1. Plaintiff, Austin Price, LLC ("Price") is a Mississippi limited liability company with its principal place of business in Hattiesburg, Mississippi. The members of Price are citizens of the State of Mississippi.

2. Defendant, Tri-State Insurance Company of Minnesota ("Defendant") is an Iowa corporation with its principal place of business in Urbandale, Iowa. Defendant may be served with process via its registered agent C T Corporation System of Mississippi, 645 Lakeland East Drive, Flowood, Mississippi 39232-9099.

3. Defendants designated at John Does 1 through 5 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or entity of

1

the named Defendants and/or any and all other persons who may be liable to Plaintiff for the claims asserted herein. Plaintiff will amend the Complaint once the identities of the unknown Defendants are learned.

## Jurisdiction and Venue

4. Jurisdiction is proper in this Court pursuant to 28 USCA § 1332 because this is a tort action involving a Mississippi limited liability company with only Mississippi members and a foreign corporation.

5. Venue is proper in this Court pursuant to 28 USCA § 1391.

## Factual Allegations

6. Price, doing business as Randy Price and Company, is located at 6156 US-98 #30, Hattiesburg, Mississippi ("the Property") and operates as a family-owned clothing store that was established in 1983.

7. Defendant issued to Price a Commercial Lines Policy, Policy No. ADV 4491250-40 ("the Policy") with a Policy Period from February 28, 2021, through February 28, 2022.

8. The Policy provided business personal property, business income, and extra expense insurance covering the Property. A copy of the Policy is attached as **Exhibit 1**.

9. At all times herein, Price made timely and complete payments to Defendant for the insurance policy issued by Defendant, and the Policy was always in full force and effect.

10. On May 18, 2021, a fire caused significant damage to Price's clothing store, resulting in thousands of dollars' worth of repair expenses and thousands of dollars' worth of lost inventory.

11. Price timely reported the loss to Defendant, and a cause and origin inspection was conducted and concluded the fire was accidental and caused by a stain rag used for wood finishing.

12. Because of the fire, the Property sustained significant damage requiring extensive repair, Price lost thousands of dollars in inventory, and Price lost over $80,000 in income due to closure while repairs were made over the course of several months.

13. Subsequently, Price submitted a claim for loss of income/lost profits.

14. On December 6, 2021, Defendant denied Price's claim for loss of income/lost profits and other claims. Notably, Defendant continued to collect premiums after the fire.

## COUNT I – CLAIM FOR POLICY BENEFITS

15. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

16. Price has made claims pursuant to the Policy which arose in connection with the subject fire loss and claims for business income loss.

17. Although Price has made due payment of policy benefits for its fire claims, Defendant failed and wrongfully refused to provide coverage to pay Price for the following coverages and claims:

A. Coverage

1. Business Income

Business Income means the:

a. Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred; and

b. Continuing normal operating expenses incurred, including payroll.

...

We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit Of Insurance is shown in the Declarations.

3

**Exhibit 1**, Policy, p. 78.

> C. Extended Business Income
>
> 1. Business Income Other Than "Rental Value"
>
> If the necessary "suspension" of your "operations" produces a Business Income loss payable under this policy, we will pay for the actual loss of Business Income you incur during the period that:
>
> a. Begins on the date property (except "finished stock") is actually repaired, rebuilt or replaced and "operations" are resumed; and
>
> b. Ends on the earlier of:
>
>> i. The Date you could restore your "operations", with reasonable speed, to the level which would generate the business income amount that would have existed if no direct physical loss or damage had occurred…

**Exhibit 1**, Policy, p. 80.

> 3. Loss Determination
>
> a. The amount of Business Income Loss will be determined based on:
>
> (1) The Net Income of the business before the direct physical loss or damage occurred;
>
> (2) The likely Net Income of the business if no physical loss or damage had occurred, but not including any Net Income that would likely have been earned as a result of an increase in the volume of business due to favorable business conditions caused by the impact of the Covered Cause of Loss on customers or on their businesses;
>
> (3) The operating expenses, including payroll expenses, necessary to resume "operations" with the same quality of service that existed just before the direct physical loss or damage; and
>
> (4) Other relevant sources of information, including:
>
>> (a) Your financial records and accounting procedures;
>>
>> (b) Bills, invoices and other vouchers

**Exhibit 1**, Policy, p. 83.

18. Price is entitled to all damages proven.

## COUNT II – CLAIM FOR BAD FAITH FAILURE TO PAY BENEFITS, BAD FAITH DENIAL OF CLAMIS, BAD FAITH DELAY, AND BAD FAITH INVESTIGATION

19. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

20. At all material times, Defendant, acting through their agents, officers, and employees, acted wrongfully and in bad faith withheld benefits due to Price under the Policy and failed to provide Price coverage or benefits for the business income loss claims which arose in connection with the subject fire. Defendant unreasonably delayed and refused to provide coverage or benefits for business income loss under the Policy.

21. Defendant acted in bad faith by failing to timely investigate and adjust Price's claims for business income loss following the fire. Defendant purposefully delayed its investigation and unreasonably denied Price's claims for business income loss.

22. Defendant refused to pay benefits on Price's claims due under the Policy and forced Price to hire legal counsel to protect Price's rights under the Policy. By refusing to timely investigate Price's claims, and pay each separate claim, Defendant has acted fraudulently, maliciously, oppressively and outrageously towards Price with conscious disregards for Price's rights. These actions taken by Defendant were purposeful and deliberately undertaken with malice and vindictiveness on the part of the Defendant.

23. Defendant's refusal to pay benefits has compelled Price to engage legal counsel and to initiate litigation to recover coverage and benefits under the Policy. Defendant has deprived Price of the benefits justly due under the policy, when the Defendant knew that those benefits were needed by Price.

24. By unreasonably delaying and refusing to provide benefits of coverage in payment of Price's valid claims, Defendant acted fraudulently, oppressively, maliciously, and outrageously toward Price, with conscious disregard for Price's rights under the law and under the Policy, and with the intent and design of benefitting Defendant financially, of harassing Price and its representatives, and of avoiding payment of amounts due for the valid claims, and of causing or willfully disregarding the probability of causing severe financial distress to Price.

25. The course of conduct of Defendant, as described above, was deliberately undertaken; was wanton, willful, and in reckless disregard of the rights of Price, and was attended by malice and vindictiveness on the part of Defendant and by reason thereof, Price requests that this Court award punitive damages.

26. As a direct result of the fraudulent, oppressive, malicious, and outrageous conduct of Defendant and of their bad faith in handling the claims of Price for benefits under the Policy, Price has sustained substantial economic loss, including but not limited to attorney's fees and seeking to recover benefits under the Policy.

## COUNT III – NEGLIGENCE, GROSS NEGLIGENCE, AND INTENTIONAL TORTS

27. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

28. The actions and inactions of the Defendant, as described alone, constitutes negligence and/or intentional tort, entitling Price to all consequential and special damages allowable under law, and further constitute such gross and reckless negligence so as to constitute malice or reckless disregard for Price's rights, thereby entitling the Price to heightened damages, including attorney's fees, interest and punitive damages.

## COUNT IV – BREACH OF CONTRACT

29. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

30. The actions and inactions of Defendant, as described above, constitute a breach of contract.

31. Price is entitled all damages allowable for breach of contract, including, but not limited to, nominal damages, incidental damages, consequential damages, special damages, attorney's fees, interest and punitive damages.

## COUNT V – TORTIOUS BREACH OF CONTRACT

32. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

33. The course of conduct of Defendant, and the actions and inactions of Defendant, constitute breaches of contract to such an extent as to rise to the level of an independent tort constituting tortious breach of contract, entitling the Price to consequential damages, special damages, attorneys fees, interest and punitive damages, and all other damages allowable by law.

## COUNT VI – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

34. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

35. The actions and inactions of Defendant, as described above, constitute a breach of the covenant of good faith and fair dealing implied in all contractual arrangements between contracting parties in the State of Mississippi, entitling Price to all damages allowable pursuant to law, including consequential damages, special damages, attorney's fees, interest, and punitive damages.

WHEREFORE, PREMISES CONSIDERED, Price demands judgment of, from, and against Defendant for compensatory damages, special damages, incidental and consequential damages, plus

attorneys fees and costs, punitive damages, *Veasley* damages, and pre-judgment and post-judgment interest as determined by a jury and in which the Court deems just and appropriate.

Respectfully submitted this the 9th day of June, 2022.

                                                    **Austin Price, LLC,**
                                                  **Plaintiff**

                               BY: _____
                                      P. MANION ANDERSON, MSB # 104250

P. MANION ANDERSON, MSB #104250
SAMUEL S. McHARD, MSB #100295
PEYTON J. MOORE, MSB #106137
MCHARD, MCHARD, ANDERSON & ASSOCIATES, PLLC
140 Mayfair Road., Suite 1500
Hattiesburg, MS 39402
T: 601-450-1715
F: 601-450-1719
manderson@mchardlaw.com
smchard@mchardlaw.com
pmoore@mchardlaw.com